# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald J. Drapeau, | Civil No. 11-64 (DWF/JSM) |
| Plaintiff, | |
| v. | **AMENDED MEMORANDUM OPINION AND ORDER** |
| Airpax Holdings, Inc. Severance Plan and Sensata Technologies, Inc., in its capacity as successor to Airpax Holdings, Inc. and in its capacities as Plan and Claims Administrator, | |
| Defendants. | |

_____

Brian N. Niemczyk, Esq., and Seymour J. Mansfield, Esq., Mansfield Tanick & Cohen, PA, counsel for Plaintiff.

David M. Wilk, Esq., Larson King, LLP, counsel for Defendants.
_____

The Court hereby amends its July 27, 2011 Order (Doc. No. 15). This Amended Order is exactly the same as Doc. No. 15, except that the Court now removes the final sentence of the second full paragraph on page three (3) in Doc. No. 15. The Court amends the July 27, 2011 Order to eliminate any doubt as to the limited scope of the Court's findings in that Order. Specifically, the Court reiterates that it did not reach the issue of whether Plaintiff's claims fail as a matter of law and clarifies that it did not make any binding determinations with respect to the scope of Section 11.01 of the stock purchase agreement that is at issue in this litigation.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Airpax Holdings, Inc. Severance Plan ("Airpax") and Sensata Technologies, Inc. ("Sensata") (together "Defendants"). Defendants assert that this case should be dismissed or, alternatively, transferred for improper venue. For the reasons set forth below, the Court grants Defendants' motion in part and transfers this action to the Northern District of Illinois.[1]

## BACKGROUND

Plaintiff Donald Drapeau is a resident of Golden Valley, Minnesota, and a former employee of both Airpax and its successor Sensata. (Compl. ¶ 4.) Plaintiff entered into an employment agreement with Airpax in September 2006. (*Id.*) Plaintiff was given an offer letter from Airpax (the "Airpax Offer Letter") on or around September 25, 2006. (Doc. 1-1 at 6-9.) The letter indicated that Airpax was offering Plaintiff the position of Vice President, Sales and Marketing, Airpax Dimensions. The Airpax Offer Letter also contained information regarding salary, benefits, and severance. (*Id.*) In particular, the Airpax Offer Letter noted that Airpax had an Executive Severance Policy, under which Plaintiff's position would be eligible for

---

[1] Defendants also argue that Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted. Because the Court concludes that this action is properly transferred to the Northern District of Illinois, the Court does not reach the issue of whether Plaintiff's claims fail as a matter of law.

benefits. (*Id*. at 9.)[2] The Airpax Offer Letter also stated that it was not a contract of employment. (*Id*.)

On June 8, 2007, Airpax and Sensata entered into a stock purchase agreement ("SPA"). (Compl. ¶ 10; Aff. of Donna Kimmel ("Kimmel Aff.") ¶ 2, Ex. A ("SPA").) Pursuant to the SPA, Sensata purchased all of the issued and outstanding shares of Airpax. (SPA at §2.02.) Plaintiff was an Airpax shareholder, and therefore, was a party to and personally signed the SPA. (Compl. ¶ 12.)

In the SPA, Airpax made certain warranties and covenants, including a covenant to "honor all employment, severance . . . and other compensation and benefit plans, policies, arrangements and agreements to which [Airpax] is a party in accordance with their terms." (SPA at § 7.05.) The Airpax Offer Letter was identified in the SPA as an agreement binding on Airpax, and the Airpax severance policy was identified as an Airpax written policy regarding severance compensation. (SPA at §§ 3.16, 3.20 and Schedules 3.16(b), 3.20.)

The SPA also contained a choice of venue provision that reads in part:

[A]ny suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Northern District of Illinois or any Illinois

---

[2] The Executive Severance Policy provided severance packages to eligible employees if their employment terminated involuntarily as a result of certain occurrences, such as a permanent layoff, "change of control," or a resignation for "good reason." (Doc. 1-1 at 11.) Employees were not eligible for severance if their employment terminated due to willful misconduct. (*Id*. at 12.)

> State court sitting in Chicago, Illinois, and each of the parties hereby consents to the jurisdiction of such courts . . . in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient form [sic].

(SPA § 12.07.)

On May 6, 2010, Sensata terminated Plaintiff's employment for allegedly providing false information in response to a survey that asked whether Plaintiff had held himself out as a consultant without company approval. (Compl. ¶ 18 & Doc. 1-1 at 40-41.) Plaintiff asserts that he was actually terminated for "business reasons." (Compl. ¶ 42.) Plaintiff sought pay and benefits under the Airpax severance policy. (Compl. ¶¶ 43-44.) Sensata denied Plaintiff's claim and asserted that any severance obligation ended 15 months after the Airpax/Sensata closing and that Plaintiff was not eligible because he was terminated for willful misconduct. On September 7, 2010, Plaintiff appealed the denial of severance. (Compl. ¶ 45.) Sensata's plan administrator denied Plaintiff's appeal on November 8, 2010. (Compl. ¶ 49.) On January 10, 2011, Plaintiff filed the present lawsuit.

## DISCUSSION

Defendants move to dismiss this action under Rules 12(b)(3), 12(b)(6),[3] and 28 U.S.C. § 1406(a), or, in the alternative, to transfer the action under 28 U.S.C. § 1404(a)

---

[3] The Eighth Circuit has not determined whether Rule 12(b)(3) or Rule 12(b)(6) is the proper vehicle for bringing a motion to dismiss for improper venue based on a
(Footnote Continued on Next Page)

4

and/or § 1406(a). Defendants argue that the SPA's forum selection clause requires this action to be brought in the Northern District of Illinois or a state court in Chicago, Illinois. Specifically, Defendants assert that the action should be dismissed pursuant to 28 U.S.C. § 1406(a). That section provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Plaintiffs do not dispute that the SPA contains a forum selection clause requiring all disputes seeking to enforce the SPA to be filed in the Northern District of Illinois or a state court in Chicago. (SPA § 12.07.) Nor do Plaintiffs dispute the presumptive validity and enforceability of forum selection clauses in this district. *See, e.g.*, *Siebert v. Amateur Athletic Union of U.S., Inc.*, 422 F. Supp. 2d 1033, 1046 (D. Minn. 2006) (citing *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999)) ("Forum selection clauses are presumptively valid and enforceable, unless unjust, unreasonable, procured through fraud or overreaching, or unless they would effectively deprive the opposing party of a meaningful day in court.")). Instead, Plaintiff argues that this case does not arise from the SPA but rather from Plaintiff's severance agreement with

---

(Footnote Continued From Previous Page)

forum selection clause in the parties' underlying contract. *Rainforest Cafe, Inc. v. EklecCo., L.L.C.*, 340 F.3d 544, 546 n.5 (8th Cir. 2003). Because Defendants have moved under both rules, the Court need not address the issue. *Id.*

Airpax, which did not contain a forum selection clause. Plaintiff also argues that venue in Minnesota (where Plaintiff lives and worked) is appropriate under ERISA's forum selection provision.

The Court respectfully disagrees. In his Complaint, Plaintiff alleges that, pursuant to the SPA, Sensata became obligated to honor Plaintiff's severance agreement with Airpax. (Compl. ¶¶ 7-11.) In addition, Plaintiff alleges that when he signed the SPA, he "noted" the provisions requiring Sensata to honor the Airpax severance agreement. (*Id*. ¶¶ 12-14.) According to Plaintiff's own allegations, Sensata would not owe him severance, or even be a party to this action, but for the SPA. Because it is apparent that the SPA is central to Plaintiff's claims in this case, the Court concludes that the SPA's forum selection clause applies to this action.

Plaintiff attempts to avoid the forum selection clause by arguing that (1) the SPA's forum selection clause is not explicit enough to be enforceable because it was "buried" in the SPA and does not specifically reference Plaintiff's severance agreement; (2) forum selection clauses are not enforceable under ERISA; and (3) the forum selection clause is unreasonable. The Court respectfully disagrees with these arguments and addresses each in turn.

First, the forum selection clause in the SPA is unambiguous and clearly sets forth that any suit based on any matter arising out of or in connection with the SPA "shall be brought in the United States District Court for the Northern District of Illinois or any Illinois state court sitting in Chicago, Illinois" and that "each of the parties hereby consent to the jurisdiction of such courts . . . and irrevocably waives . . . any

6

objection . . . to the laying of venue of any such suit . . in any such court." (SPA § 12.07.)  This clause is set forth separately under the bolded heading "Jurisdiction." The Court concludes that this clause is not ambiguous and was not hidden in the parties' agreement.

Second, Plaintiff asserts that forum selection clauses are not enforceable under ERISA.  In support, Plaintiff relies on a district court case from the Eastern District of Texas, *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972 (E.D. Tex. 2006).  In that case, the court held that the policies of the ERISA statutory framework supersede the general policy in the Fifth Circuit of enforcing forum selection clauses. *Id*. at 974.  That case, however, conflicts with the reasoning of the court in *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000 (D. Minn. 2006). In *Schoemann*, the court considered the question of whether a forum-selection clause should be disregarded because it is found in a welfare-benefit plan governed by ERISA. 447 F. Supp. 2d at 1006.  The court went on to explain that "[p]erhaps . . . a forum-selection clause in an ERISA plan should be entitled to less weight than other forum-selection clauses" but that "[n]othing in ERISA compels" the conclusion that all forum-selection clauses in ERISA are invalid as a matter of law.  *Id*. at 1007.  Here, the SPA is not a welfare-benefits plan covered by ERISA, and therefore the question of whether its forum selection clause can be invalidated under ERISA is not relevant. Even if it were, the Court agrees that ERISA does not require the Court to disregard, as a matter of law, a forum-selection clause.

Third, Plaintiff argues that the SPA's forum selection clause is unreasonable. Specifically, Plaintiff argues that because he resides in Minnesota, litigation in Illinois would add considerable expense and delay. Plaintiff also argues that the relevant events giving rise to his claims occurred in Minnesota.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*. Generally, the burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). However, where there is a valid and applicable forum selection clause, that becomes a "significant factor that figures centrally into the district court's calculus." *Terra Int'l*, 119 F.3d at 691. A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown . . . to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (quotation omitted). Absent a compelling and countervailing reason, a forum selection clause should be enforced by the courts. *Id*. at 12.

Here, Plaintiff's action arises from the SPA, which contains a forum selection clause that requires this case to be heard in Illinois. Plaintiff has not demonstrated that the forum selection clause was the product of fraud or overreaching or that Plaintiff was unaware of the clause before signing the SPA. Thus, the forum selection clause should be enforced absent a compelling and countervailing reason. Plaintiff has demonstrated no such reason here and Plaintiff's assertions that the forum selection clause is unreasonable do not suffice. While the fact that Plaintiff resides in Minnesota will, indeed, make it less convenient for him to litigate this case in Illinois, Plaintiff agreed to the forum selection clause and waived any venue objection when he signed onto the SPA. Thus, the convenience of the parties does not weigh in favor of maintaining this action here. The remaining convenience factors do not weigh so heavily in favor of litigating the action in Minnesota so as to justify disregarding the forum selection clause. In addition, the interests of justice will be served by honoring the forum selection clause that was agreed upon by the parties.

Based on the above, the Court concludes that the forum selection clause is enforceable. The Court could properly dismiss or transfer this action under 28 U.S.C. § 1406(a). Even so, the Court is of the belief that this case is more appropriately analyzed under 28 U.S.C. § 1404(a), and concludes that under that section, as discussed above, the case is properly transferred to the Northern District of Illinois.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

9

1.  Defendants' Motion to Dismiss (Doc. No. [3]) is **GRANTED IN PART** and **DENIED IN PART**.

2.  This action is transferred to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a).

3.  The Clerk of Court is directed to effect the transfer.


Dated:  August 9, 2011	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge